## Gellar v. Chambers

*Nathan L. Posner* and *Jeffrey B. Albert,* for plaintiffs.
*Richard A. Sprague* and *Michael Goldberg,* for defendants.

RIBNER, *J.,* April 1, 1980—Pursuant to the stipulation of the parties attached hereto and incorporated by reference herein, the court holds that the election of defendants as directors of Penn Radio Cab, Inc. was lawful and valid. The court holds specifically that in this case the second adjourned meeting was the meeting at which defendants/directors were lawfully elected. The court further holds specifically that after detailed consideration of the matter, the first meeting of shareholders lawfully noticed but unattended by plaintiffs constituted the first adjourned meeting. The meeting held the next day, October 10, 1978, was therefore the second adjourned meeting at which time those present were empowered to elect directors. Plaintiffs position that a third meeting was required is rejected.

Neither party has directed the court to any controlling authority nor has the court been able to discover any. Plaintiffs suggest that the proper

analysis is to examine authorities from other jurisdictions which have apparently defined the term "adjourned meeting" as one which follows a regularly noticed meeting. The court has carefully considered the cases on which plaintiffs rely and finds them inapplicable to the case at bar. These cases uniformly deal with different questions of corporate law and the references in dicta are without consistency and precedential value.

In the context of the instant case the gathering of the shareholders on October 9, 1978, was a legal nullity. Those in attendance were empowered only to adjourn the meeting. That act of adjournment created the first adjourned meeting. The statutory inclusion of the word "such" makes sense in this context, namely, a reference to a meeting properly noticed for the election of directors but adjourned for want of a quorum. It is only an adjourned meeting of this character about which the balance of the statute speaks. Similarly, the statute empowers the election of directors *"at"* not after the second adjourned meeting. Simply put, what the statute creates is the legal fiction of a quorum for the sole purpose of electing directors as constituted by those who attend the second meeting. In view of this, plaintiffs' position that the second gathering must also be adjourned loses all persuasive power.

In this connection, the court notes that there has been no allegation that defendants improperly prevented plaintiffs from attending either of the meetings. The only notice required by law of the October 10 meeting was the announcement thereof to those present on October 9, 1978. Therefore, the court enters the following

## ORDER

And now, April 1, 1980, upon consideration of the

within matter, it is hereby ordered and decreed that the election of defendants as directors of Penn Radio Cab, Inc. on October 10, 1978, was lawful and valid with respect to the interrogatory of the stipulation of the parties (Paragraph 1) which is attached hereto and incorporated by reference herein.

## STIPULATION

1. The controlling question of law is: Whether a valid election of members of the board of directors of a closely-held corporation has been held at "the second of such adjourned meetings" pursuant to section 503 of the Business Corporation Law of May 5, 1933, P.L. 364, art. V sec. 503 A.(3), as amended, 15 P.S. §1503A.(3), and the corresponding by-laws of the corporation when one shareholder, owning 50 percent of its stock, gives notice of a special meeting of shareholders to be held on October 9, 1978 to the two other shareholders of the corporation, also owning 50 percent of the stock, and the two other stockholders do not attend the meeting and the meeting is then adjourned until October 10, 1978, at which time the one stockholder, acting in the absence of the other stockholders, purports to elect all members of the corporation's board of directors.

2. Any order entered with respect to the aforesaid question involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the matter.

3. Each party agrees that this matter is appropriate for an interlocutory appeal and agree not to oppose any petition for permission to appeal to be filed by the other in an appellate court pursuant to

Pa.R.A.P. 1312, to permit an appeal to be taken from any order entered herein, pursuant to section 702(b) of the Judicial Code, 42 Pa.C.S.A. § 702(b). A letter to this effect will be sent to the appellate court pursuant to Pa.R.A.P. 1321.